BOARD OF REGENTS OF UNIVERSITY OF OKLAHOMA et al. v. CHILDERS, State Auditor, et al.

No. 32669.    July 9, 1946.

*170 P. 2d 1018.*

R. Rhys Evans and Wilson Wallace, both of Ardmore, for petitioners.

Mac Q. Williamson, Atty. Gen., and Fred Hansen, First Asst. Atty. Gen., for respondents.

BAYLESS, J.  The Board of Regents of the University of Oklahoma, acting in pursuance of the authority of House Bill 200, 1945 S.L. 338, incurred certain obligations against the appropriation made for the Southern Oklahoma Hospital at Ardmore, Okla., in House Bill 56, 1945 S.L. 440, and when the State Auditor and State Treasurer, acting on advice of the Attorney General, refused to audit, allow, and pay these claims, the board, joined by the holders of the rejected claims, petitioned this court for a writ of mandamus directed to the aforementioned public officers ordering them to audit, allow, and pay the claims.

The effect of House Bill 200, above, was to establish the Southern Oklahoma Hospital at Ardmore, to make it "an auxiliary to the University Hospital," and to place it under "the control and management" of the Board of Regents of the University of Oklahoma.  House Bill 56, above, is the institutional appropriation bill, and among other items therein appear annual appropriations for the biennium for this institution.

It is the Attorney General's contention that House Bill 56, above, insofar as it relates to this institution, violates article XIII-A, Constitution of Oklahoma.  He argues that this article of the Constitution forbids the Legislature to make specific appropriations for particular institutions under the jurisdiction of Oklahoma State Regents for Higher Education, section 3, art. XIII-A, above.  He then cites what is admitted by petitioners, that the University Hospital is a part of the University of Oklahoma and as such is a part of an "institution of higher education" (sec. 1, art. XIII-A, above), under the control of Oklahoma State Regents for Higher Education.  The argument then follows that Southern Oklahoma Hospital as an auxiliary to the University Hospital, and being under the control and management of the Board of Regents for Oklahoma University, is a part of an institution of higher education and must receive its financial support through allocations made to it by the Oklahoma State Regents for Higher Education from the lump sum appropriations.

Some aspects of this argument are conceded to be correct by petitioners and other parts are rejected as not

being of controlling importance. While not in any wise minimizing the intent and effect of article XIII-A, above, petitioners urge that it is not every institution or agency of the state that may be placed under the control and management of some board governing an institution of higher education, which draws its financial support from the appropriation made under section 3, art. XIII-A, above, that is thereby made an institution of higher education or a part thereof. In other words, they argue that certain state institutions or agencies that are not inherently institutions of higher education nor essential or integral parts thereof may nevertheless be put under the control or management of such an institution without thereby becoming entitled to be supported financially, as provided in section 3, art. XIII-A, above, and without lessening the duty of the Legislature to continue to support such institution. They assert that while the University Hospital may be an institution of higher education by virtue of its connection with the School of Medicine of the University of Oklahoma the mere attaching to the University Hospital "as an auxiliary" of another hospital does not make the latter such a connection of the School of Medicine of the University of Oklahoma. The very use of the word "auxiliary" in a qualifying or modifying manner manifests the legislative intent in this matter, so they say; and, when this is considered with the further manifestation of the legislative intent, the separate appropriation therefor, the conclusion is inescapable that it was not intended to be an institution of higher education.

The legislative intent on this subject is not entirely clear, since its actions are somewhat inconsistent. House Concurrent Resolution 16, 1945 S.L. 481, in effect, memorializes the Oklahoma State Regents for Higher Education to allocate a sum of money for building purposes for Southern Oklahoma Hospital. It seems clear to us that if this hospital is not an institution of higher education or is not a part of one within the meaning of article XIII-A, above, the Oklahoma State Regents for Higher Education could not undertake to allocate money to it for any purpose. Thus, the Legislature has (1) made this hospital an auxiliary of the University Hospital, which for the time being we will treat as ambiguous; (2) has appropriated directly for its support, which tends to say it is not under article XIII-A, above, and (3) has sought an allocation from the authority operating under article XIII-A, above, which tends to say it is under that constitutional coverage.

We resolve the ambiguity above reserved in favor of the Attorney General's theory, and contrary to the contentions of petitioners.

The word "auxiliary" means, according to Webster's New International Dictionary, aid or support, carrying with these definitions as a secondary sense the notion of subordinate position. The illustrations given following these significations sufficiently display the ideas.

The word "auxiliary" in legal usage, 4 Words and Phrases (Perm. Ed.), connotes a subordinate or ancillary, and therefore a qualifying position or relation in respect to abstractions such as judgments and steps to enforce them, receiverships, jurisdiction, etc.; but in relation to physical plants and properties (Bowman v. Stark (Tex. Civ. App.) 185 S.W. 921), and related corporations (Kelley v. Heitman, 220 Ind. 625, 44 N.E. 2d 981), it means identical with or an equal part.

In our opinion, if the University Hospital is a part of the institution of higher education, the School of Medicine of the University of Oklahoma, by force of its relation to the functions of that institution, then any other hospital attached to it as an auxiliary becomes also such a part of the School of Medicine of the University of Oklahoma so as to come within the purview of article

XIII-A, above. The placing of the control and management of this hospital in the same body that controls and manages the University Hospital is of controlling significance to us. It clearly falls within the scope of the function of that board and the institution of higher education it operates. If this board so operates the University Hospital as to constitute it an integral part of the functions of the related institution of higher education, it can find no warrant in House Bill 200, above, for operating Southern Oklahoma Hospital in any other manner.

The writ is denied.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, WELCH, CORN, and DAVISON, JJ., concur.